Dear Mr. Stevenson:
This opinion is in response to your question asking:
 May a second class county pay for the purchase of materials that is less than $1,000.00, when said materials are ordered by a county office-holder after the County Court gave him an oral okay, but no county court order was signed until after or at the same time that the supplies were delivered.
As we understand the facts, the Sheriff of St. Francois County ran out of juror postcards and received oral permission from the St. Francois County Court to order some. The Sheriff's Office ordered postcards from a local printer and the bill came to ninety-seven dollars ($97.00). Subsequently, a county court order was executed approving the purchase of the cards at or before the time these cards were delivered and accepted. St. Francois County is a second class county without a purchasing agent.
Section 50.760, RSMo 1978, states:
 It shall be the duty of the judges of the county court in all counties of the second class, and in all counties of the first class not having a charter form of government if there is no purchasing agent appointed pursuant to section 50.753, on or before the first day of February of each year, to determine the kind and quantity of supplies, including any advertising or printing which the county may be required to do, required by law to be paid for out of the county funds, which will be necessary for the use of the several officers of such county during the current year, and to advertise for sealed bids and contract with the lowest and best bidder for such supplies. Before letting any such contract or contracts the court shall cause notice that it will receive sealed bids for such supplies to be given by advertisement in some daily newspaper of general circulation published in the county, such notice to be published on Thursday of each week for three consecutive weeks, the last insertion of which shall not be less than ten days before the date in said advertisement fixed for the letting of such contract or contracts, which shall be let on the first Monday in March, or on such other day and date as the court may fix between the first Monday of March and the first Saturday after the second Monday in March next following the publication of such notice; except that if by the nature or quantity of any article or thing needed for any county officer in any county of this state to which sections 50.760 to 50.790 apply, the same may not be included in such contract at a saving to such county, then such article or thing may be purchased for such officer upon an order of the county court first being made and entered as provided in sections 50.760 to 50.790; and except further, that if any supplies not included in such contract are required by any such officer or if the supplies included in such contract are exhausted then such article or thing may be purchased for such officer upon order of the county court first being made and entered of record as provided in sections 50.760 to 50.790.
[Emphasis added.]
Section 50.660, RSMo Supp. 1984, states:
 All contracts shall be executed in the name of the county by the head of the department or officer concerned, except contracts for the purchase of supplies, materials, equipment or services other than personal made by the officer in charge of purchasing in any county having the officer. No contract or order imposing any financial obligation on the county is binding on the county unless it is in writing and unless there is a balance otherwise unencumbered to the credit of the appropriation to which it is to be charged and a cash balance otherwise unencumbered in the treasury to the credit of the fund from which payment is to be made, each sufficient to meet the obligation incurred and unless the contract or order bears the certification of the accounting officer so stating; except that in case of any contract for public works or buildings to be paid for from bond funds or from taxes levied for the purpose it is sufficient for the accounting officer to certify that the bonds or taxes have been authorized by vote of the people and that there is a sufficient unencumbered amount of the bonds yet to be sold or of the taxes levied and yet to be collected to meet the obligation in case there is not a sufficient unencumbered cash balance in the treasury. All contracts and purchases shall be let to the lowest and best bidder after due opportunity for competition, including advertising the proposed letting in a newspaper in the county with a circulation of at least five hundred copies per issue, if there is one, except that the advertising is not required in case of contracts or purchases involving an expenditure of less than one thousand five hundred dollars. It is not necessary to obtain bids on any purchase in the amount of one thousand dollars or less made from any one person, firm or corporation during any period of ninety days. All bids for any contract or purchase may be rejected and new bids advertised for. Contracts which provide that the person contracting with the county shall, during the term of the contract, furnish to the county at the price therein specified the supplies, materials, equipment or services other than personal therein described, in the quantities required, and from time to time as ordered by the officer in charge of purchasing during the term of the contract, need not bear the certification of the accounting officer, as herein provided; but all orders for supplies, materials, equipment or services other than personal shall bear the certification. In case of such contract, no financial obligation accrues against the county until the supplies, materials, equipment or services other than personal are so ordered and the certificate furnished.
In Opinion No. 9, Blackwell, 1961, copy enclosed, this office concluded that Sections 50.660 and 50.760, RSMo 1959, must be read together and that second class counties must comply with the last proviso of Section 50.760, RSMo 1959, if applicable. Accordingly, we conclude that compliance with the last proviso of Section50.760, RSMo 1978, is required.
The next issue presented by the facts is whether the county court or commission order referred to in the last proviso of Section50.760, RSMo 1978, may be entered after the Sheriff of St. Francois County has sent a written order to the local printer for the juror cards but before such juror cards have been delivered.
Section 432.070, RSMo 1978, states:
 No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing. [Emphasis added.]
This statute requires county contracts to be subscribed by the parties thereto or their agents authorized by law and duly appointed and authorized in writing. Generally, Section 50.660, RSMo Supp. 1984, which we must read harmoniously with Section50.760, RSMo 1978, allows the Sheriff, as a county officer, to execute purchase contracts. However, the last proviso of Section50.760, RSMo 1978, appears to qualify the Sheriff's authority to execute contracts under Section 50.660, RSMo Supp. 1984, by requiring that he first be authorized by a written county court order, see Sections 432.070 and 50.760, RSMo 1978.
The first writing authorizing the Sheriff to purchase the juror cards occurred when the County Court or Commission issued its order. At that point all of the requirements of Sections432.070 and 50.760, RSMo 1978, and Section 50.660, RSMo Supp. 1984, were satisfied and the "purchase" occurred.
Section 432.070, RSMo 1978, also requires the consideration for a county contract to be wholly performed or executed subsequent to the making of the contract. Because the juror cards (the consideration) were delivered subsequent to the occurrence of the last event necessary for a valid contract (the County Court or Commission order), the purchase is a lawful one for purposes of county auditor's certificate under Section 50.160, RSMo 1978.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 9, Blackwell, 1961